## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL KAUFFMAN,<br><br>Plaintiff,<br><br>vs.<br><br>U-HAUL INTERNATIONAL, INC.,<br>COLLEGEBOXES, LLC and eMOVE, INC.,<br><br>Defendants. | Case No. 5:16-cv-04580-JFL |

## DEFENDANTS' SUPPLEMENTAL BRIEF

Defendants U-Haul International, Inc. ("UHI"), Collegeboxes, LLC ("Collegeboxes"), and eMove, Inc. ("eMove") (collectively "Defendants"), respectfully submit this Supplemental Brief pursuant to the Court's September 19, 2017 Order (Doc. 26) directing the parties to file additional briefing concerning the application of the United States Supreme Court's decision in *Epic Systems Corp. v. Lewis*, No. 16-285, 2018 WL 2292444 (U.S. May 21, 2018), to the present case.

As explained more fully below, *Epic Systems* holds that the National Labor Relations Act ("NLRA") does not override the central mandate of the Federal Arbitration Act ("FAA") that arbitration agreements must be enforced as written, including those agreements that require individualized arbitration. Accordingly, Plaintiff's argument that the NLRA bars the enforcement of the Arbitration Agreement contained in the eMove Agreement fails. For the reasons explained in Defendants' prior briefing in support of its motion to compel arbitration, the Court should grant the motion and dismiss the case in favor of individual arbitration of Plaintiff's claim.

## I.     BRIEF FACTUAL AND PROCEDURAL SUMMARY

At this juncture, the dispute between the parties centers upon the arbitration clause in the parties contract. By way of review, Plaintiff Michael Kauffman was a "Moving Helper" for eMove,

and his relationship with eMove was governed exclusively by the Moving Help – Moving Helper Agreement (the "eMove Agreement"). (Defendants Memorandum of Law in Support of Motion to Compel Arbitration, Doc. 5-1). The eMove Agreement contains an arbitration clause requiring "that any and all disputes, lawsuits, legal controversies, legal actions or legal claims (all collectively an 'Action') arising out of or relating to [the eMove] Agreement shall be settled by mandatory and binding arbitration." (*Id*.) Under the eMove Agreement, the parties agreed to waive the right to pursue claims on a class, collective, or representative basis. (*Id*.)

Notwithstanding his agreement to arbitrate all disputes, Plaintiff filed the instant action, which asserts claims against Defendants under federal and state statutes and for unjust enrichment. Defendants promptly filed a motion to compel arbitration, arguing that the FAA requires the enforcement of the arbitration clause the parties agreed to in the eMove Agreement and requesting that the Court dismiss (or stay) the action in favor of arbitration of Plaintiff's claims. Plaintiff opposed the motion, arguing, among other things, that the NLRA precludes the enforcement of the arbitration clause of the eMove Agreement. Pl.'s Mem. of Law in Opp. to Mot. to Compel. Arb. at 12-20. Plaintiff also argued in reliance on *New Prime v. Oliveira*, 857 F.3d 7 (1st Cir. 2017), that the eMove Agreement's arbitration clause is exempted from the FAA. *See* Pl.'s Mem. of Law in Opp. to Mot. to Compel. Arb. 6-8; Pl.'s Supp. Br. at 2-8.

After the conclusion of briefing on Defendants' Motion to Compel, the Supreme Court granted *certiorari* over three cases which presented the NLRA issue raised by Plaintiff. *See Epic Systems Corp. v. Lewis*, No. 16-285 (S. Ct. Jan. 13, 2017) (order granting certiorari). As a result, this Court ordered the matter "STAYED pending the U.S. Supreme Court's resolution of th[is] trio of cases." (Doc. 26.) In that same order, the Court directed the parties to "file additional briefing concerning the application of the Supreme Court's opinion to the present case." *Id.*

2

On May 21, 2018, the Supreme Court resolved those cases, reiterating that the FAA mandates the enforcement of arbitration agreements providing for individualized arbitration and holding that the NLRA does not override that mandate. *Epic Systems Corp. v. Lewis*, No. 16-285, 2018 WL 2292444 (U.S. May 21, 2018). Pursuant to the Court's September 19, 2017 Order, Defendants provide this additional briefing regarding the application of the Supreme Court's decision in *Epic Systems* to the present case.

## II.   ARGUMENT

In *Epic Systems*, the Supreme Court addressed a trio of cases presenting the question whether an agreement that requires an employer and an employee to resolve employment-related disputes through individual arbitration, and waive class and collective proceedings, is enforceable under the FAA, notwithstanding the provisions of the NLRA. The Supreme Court began by reiterating the FAA's central mandate—that arbitration agreements are "valid, irrevocable, and enforceable" as a matter of federal law and must be enforced as written. *Epic Systems*, 2018 WL 2292444, at *5. The Supreme Court then held that the FAA does not override that mandate. As the Court put it:

> Congress has instructed [in Section 2 of the FAA] that arbitration agreements like those before us must be enforced as written. While Congress is of course always free to amend this judgment, we see nothing suggesting it did so in the NLRA—much less that it manifested a clear intention to displace the Arbitration Act.

*Id.* at *17.

As noted above, Plaintiff has argued in opposition to the present motion that the NLRA precludes enforcement of the arbitration clause in the eMove Agreement. That argument is now foreclosed by *Epic Systems*. Accordingly, the NLRA is not a basis for declining to enforce the parties' arbitration clause, and the Court must reject Plaintiff's argument to the contrary.

3

It is noted that the Supreme Court recently granted certiorari in *New Prime v. Oliveira*, No. 17-340, a case presenting the question whether the FAA's Section 1 exemption, which applies on its face only to "contracts of employment" of transportation workers, 9 U.S.C. § 1, is also inapplicable to transportation workers engaged under an independent contractor agreement. Plaintiff has argued that this exemption applies to him and exempts the parties' arbitration clause from the FAA. *See* Pl.'s Mem. of Law in Opp. to Mot. to Compel. Arb. 6-8; Pl.'s Supp. Br. at 2-8.

As explained in prior briefing, the overwhelming weight of authority demonstrates that the phrase "contracts of employment" in Section 1 means precisely what it says: a contract between an employer and an employee—not an agreement with an independent contractor or any other kind of agreement. Defs.' Reply Br. in Supp. Mot. to Compel Arb. 4-9; Defs.' Supp. Br. 4-11.[1]

More importantly, the plaintiff in *Oliveira*, a truck driver, was admittedly a "transportation worker" working in the "transportation industry" given among other things that the defendant: (1) operated an "interstate trucking company"; and (2) engaged both owner-operators and independent contractors to provide identical interstate trucking services. *See Oliveira v. New Prime, Inc.*, 857 F.3d 7, 9 (1st Cir. 2017), cert. granted, 138 S. Ct. 1164, 200 L. Ed. 2d 313 (2018). By contrast, as Defendants have made clear in prior briefing, Kauffman is in no way a

---

[1] *See In re Swift Transp. Co*, 830 F.3d 913 (9th Cir. 2016); *Zambrano v. Strategic Delivery Sols., LLC*, 2016 WL 5339552, at *3 (S.D.N.Y. Sept. 22, 2016); *Diaz v. Mich. Logistics, Inc.*, 167 F. Supp. 3d 375, 380 (E.D.N.Y. 2016); *Aviles v. Quik Pick Express, LLC*, 2015 WL 5601824, at *6 (C.D. Cal. Sept. 23, 2015); *Morning Star Assocs., Inc. v. Unishippers Glob. Logistics, LLC*, 2015 WL 2408477, at *5 (S.D. Ga. May 20, 2015); *Doe v. Swift Transp. Co.*, 2015 WL 274092, at *3 (D. Ariz. Jan. 22, 2015); *Alvarado v. Pac. Motor Trucking Co.*, 2014 WL 3888184, at *4- 5 (C.D. Cal. Aug. 7, 2014); *Villalpando v. Transguard Ins. Co. of Am.*, 17 F. Supp. 3d 969, 982 (N.D. Cal. 2014); *Carney v. JNJ Exp., Inc.*, 10 F. Supp. 3d 848, 852 (W.D. Tenn. 2014); *Port Drivers Fed. 18, Inc. v. All Saints*, 757 F. Supp. 2d 463, 472 (D.N.J. 2011); *Davis v. Larson Moving & Storage Co.*, 2008 WL 4755835, at *4 (D. Minn. Oct. 27, 2008); *OwnerOperator Indep. Drivers Ass'n v. United Van Lines, LLC*, 2006 WL 5003366, at *3 (E.D. Mo. Nov. 15, 2006); *Owner-Operator Indep. Drivers Ass'n, Inc. v. Swift Transp. Co.*, 288 F. Supp. 2d 1033, 1035 (D. Ariz. 2003); *Roadway Package Sys., Inc. v. Kayser*, 1999 WL 817724, at *4 n.4 (E.D. Pa. Oct. 13, 1999).

transportation worker and thus cannot claim the benefit of the Section 1 exemption, *id.*—*even if that exemption were interpreted to otherwise cover the eMove Agreement*. So there is no reason for this Court to delay ruling in favor of Defendants on the present motion.[2]

## III.  CONCLUSION

For these reasons, as well as the reasons set forth in Defendants' previous briefings, it is respectfully submitted that the Court should grant Defendants' motion to compel arbitration and dismiss (or stay) the Complaint.

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td></td><td>FISHER & PHILLIPS LLP</td></tr>
<tr><td>Dated:  June 8, 2018</td><td>By:  <u>/s/ Michael R. Galey</u><br>Michael R. Galey<br>150 N. Radnor Chester Road, Suite C300<br>Radnor, PA 19087<br>Telephone:  (610) 230-2141<br>mgaley@fisherphillips.com</td></tr>
</table>

FISHER & PHILLIPS LLP
Kathleen McLeod Caminiti (*pro hac vice*)
430 Mountain Avenue, Suite 303
Murray Hill, New Jersey 07974
Telephone:  (908) 516-1062
kcaminiti@fisherphillips.com

Attorneys for Defendants

---

[2] That said, it is certainly within this Court's authority to maintain the stay in this case pending the Supreme Court's resolution of *New Prime*.

FPDOCS 34148583.1