Please docket the following pages as:

STATUS REPORT: Parties' Joint Proposed Findings of Facts and Conclusions of Law and Joint Notice of Filing of Settlement Agreement



**fisherphillips.com**

**New Jersey**
430 Mountain Avenue
Suite 303
Murray Hill, NJ 07974

(908) 516-1050 Tel
(908) 516-1051 Fax

**Writer's Direct Dial:**
(908) 516-1062

**Writer's E-mail:**
kcaminiti@fisherphillips.com

April 19, 2019

*VIA E-MAIL (CHAMBERS_OF_JUDGE_JOSEPH_F_LEESON_JR@PAED.USCOURTS.GOV)*

Hon Joseph F. Leeson, Jr., U.S.D.J.
United States District Court
Eastern District of Pennsylvania
Edward N. Cahn U.S. Courthouse and Federal Building
504 West Hamilton Street, Suite 3401
Allentown, PA  18101

   Re: *Michael Kauffman v. U-Haul International, Inc., et al.*
     *Case No. 5:16-cv-04580-JFL*

Dear Judge Leeson:

  I write with regard to Your Honor's Order entered on April 3, 2019 ("Order").

  First, enclosed is the Joint Proposed Findings of Fact and Conclusions of Law.  We were unclear whether the Court intended for this to be filed on the docket and we are prepared to do so immediately at the Court's direction.

  Second, the parties have determined to file the Settlement Agreement and General Release ("Settlement Agreement") on the docket and have prepared the attached Joint Notice of Filing of Settlement Agreement.  The filing of the Settlement Agreement will obviate the request to file under seal and, respectfully, moots the show cause requirement in the Order.  Likewise, we are prepared to file the Joint Notice of Filing of Settlement Agreement as per the Court's direction.

  The parties stand ready to file the enclosed on the docket via ECF.  We appreciate the Court's consideration of this matter.

      Respectfully submitted,

      */s/ Kathleen McLeod Caminiti*

      Kathleen McLeod Caminiti
      For FISHER & PHILLIPS LLP

KMC:jm
Enclosures
cc: James C. Shah (w/encs. via e-mail)

**Fisher & Phillips LLP**
Atlanta • Baltimore • Bethesda • Boston • Charlotte • Chicago • Cleveland • Columbia • Columbus • Dallas • Denver • Fort Lauderdale • Gulfport • Houston
Irvine • Kansas City • Las Vegas • Los Angeles • Louisville • Memphis • New Jersey • New Orleans • New York • Orlando • Philadelphia
Phoenix • Pittsburgh • Portland • Sacramento • San Diego • San Francisco • Seattle • Tampa • Washington, DC

FPDOCS 35294438.1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL KAUFFMAN, | |
| Plaintiff, | Case No. 5:16-cv-04580-JFL |
| vs. | |
| U-HAUL INTERNATIONAL, INC., COLLEGEBOXES, LLC and eMOVE, INC., | |
| Defendants. | |

## JOINT PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff Michael Kauffman ("Plaintiff"or "Kaufmann") and Defendants U-Haul International, Inc. ("UHI"), Collegeboxes, LLC ("Collegeboxes") and eMove, Inc., ("e-Move" and collectively with UHI and Collegeboxes "Defendants"), respectfully submit the following proposed findings of fact and conclusions of law in support of their motion for approval of the parties' settlement (ECF No. 43) pursuant to the Court's Order of April 3, 2019 (ECF No. 44).

## PROCEDURAL HISTORY

1.      On or around August 23, 2016, Plaintiff initiated this Action by filing a Complaint on behalf of himself and those similarly situated against UHI, Collegeboxes, and eMove (collectively "Defendants") (ECF No. 1).  In the Complaint, Plaintiff alleges the following four (4) causes of action against all Defendants:  (1) violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.; (2) violations of the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101 et seq. ("PMWA"); (3) violations of the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 et seq. ("PWPCL"); and (4) unjust enrichment. *Id.*

2.      The gravamen of Plaintiff's complaint was that Defendants misclassified him as an independent contractor and that he is owed overtime for work performed in excess of 40 hours per week. *See, id.,* Complaint ¶¶ 22-35.

3.      On August 28, 2018, the Court entered an Order granting Defendants' Motion to Compel Individual Arbitration of Plaintiff's claims pursuant to an arbitration agreement entered into by Plaintiff and Defendants containing a class and collective action waiver (ECF No. 34).

4.      The Parties subsequently reached an agreement ("Settlement Agreement") and on March 25, 2019, filed a Joint Motion to Approve Settlement and to Dismiss with Prejudice (ECF No. 43).

5.      On April 3, 2019, the Court directed the Parties to submit joint findings of fact and conclusions of law with respect to the fairness of the settlement agreement (ECF No. 43).

## PROPOSED FINDINGS OF FACT

### Plaintiff's Work for Defendants

6.      In or around December 2010, Plaintiff began working as a "Moving Helper," providing moving labor services to customers of Defendant eMove.  A Moving Helper is an individual or business that provides moving labor services to customers who select the Moving Helper through e-Move's "movinghelp.com" website.

7.      Plaintiff entered into an agreement with eMove (the "eMove Agreement"), which provided all of the "terms and conditions" applicable to the contractual relationship between a Moving Helper, like Plaintiff, and eMove.

8.      Pursuant to the eMove Agreement, Moving Helpers, including Plaintiff, are not employees.

9.      Plaintiff provided moving services through his independently owned companies "Kauffman's Moving" and "Affordable Moving."

10.     Neither Plaintiff nor his companies were on eMove's payroll.

13.     Plaintiff was paid on a per trip basis, not on an hourly, daily or salaried basis.

14.     Plaintiff was responsible for paying his own taxes.

**The Settlement**

16.     During the period following the Court's order compelling arbitration, the parties, through their counsel, engaged in settlement negotiations and ultimately reached an agreement ("Settlement Agreement") through which Plaintiff agreed to settle his claims in this case.

17.     During the negotiation process, Plaintiff provided an estimation of overtime wages claimed should he prevail in the arbitration.  Plaintiff reasonably believed that if he prevailed entirely on all his claims and recovered all potential penalties, his claim could be worth $60,000.

18.     Pursuant to the terms of the settlement, after significant negotiation, Defendants agreed to pay Plaintiff the sum of $25,000, which is allocated $16,750 to Kauffman, and $8,250 for attorneys' fees and costs.

19.     The Parties have entered into the Settlement Agreement as a compromise to avoid the costs, risks, and distractions from litigation.

20.     The Settlement Agreement is the compromise of disputed claims and does not constitute an admission by Defendants of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiff's rights or of any duty owed by Defendants to Plaintiff.

## PROPOSED CONCLUSIONS OF LAW

### General Principles Pertaining to Judicial Review of FLSA Settlements

21.     A court is required to review a FLSA settlement to ensure it "'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Cuttic v. Crozer-Chester Medical Center*, 868 F. Supp. 2d 464, 466 (E.D. Pa. 2012) (Robreno, J.) (quoting *Lynn's Food Stores, Inc. v. United States Dept. of Labor*, 679 F.2d 1350, 1354-55 (11th Cir. 1982)); *see also Bettger v. Crossmark, Inc.*, No. 1:13-CV-2030, 2015 WL 279754, at *4 (M.D. Pa. Jan. 22, 2015).

22.     "[A] district court may enter a stipulated judgment if it determines that the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Brumley v. Camin Cargo Control, Inc.*, No. CIV.A. 08-1798 JLL, 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012)(*citing Lynn's Food Stores*, 679 F.2d at 1354). Accordingly, courts must determine whether (i) the settlement concerns a bona fide dispute; (ii) the settlement is fair and reasonable to the Plaintiff-employee; and (3) does not frustrate the implementation of the FLSA. *Gabrielyan v. S.O. Rose Apartments LLC*, No. 15-CV-1771 (CCC-MF), 2015 WL 5853924, at *2 (D.N.J. Oct. 5, 2015)

23.     The Third Circuit has instructed that when analyzing these factors, a court must be mindful of the strong public policy in favor of settlements . *See e.g., Farris v. JC Penny Co., Inc.*, 176 F.3d 706, 711 (3d Cir. 1999).  Typically, Courts regard the adversarial nature of a litigated FLSA case to be an adequate guarantor of fairness. *Lynn's*, 679 F.2d at 1353-54.  Additionally, "a strong presumption of fairness attaches to proposed settlements that have been negotiated at arms-length." *Thompson v. Metro Life Ins., Co.*, 216 F.R.D. 55, 61 (S.D.N.Y. 2003).

*A.*     *The Agreement Resolves A Bona Fide Dispute.*

24.     An agreement resolves a bona fide dispute when there is some doubt as to whether the plaintiff would succeed on the merits at trial. *Lynn's Food Stores,* 679 F.2d at 1354; *Bettger*, 2015 WL 279754, at *3; *Deitz v. Budget Renovations & Roofing, Inc.*, No. 4:12–CV–0718, 2013 WL 23338496 at *3 (M.D.Pa. May 29, 2013); *Collins v. Sanderson Farms, Inc.*, 568 F.Supp.2d 714, 719-20 (E.D.La. 2008).

25.     Here, the parties dispute both liability and damages under the FLSA.

26.     From Plaintiff's perspective, Kaufmann is misclassified and should be treated as an "employee."

27.     From Defendants' perspective, Kaufmann (individually and through companies controlled by him) was a vendor providing services pursuant to written agreement. In addition, Defendants maintain that even if Plaintiff were to be treated as an employee, he is entitled to little or no compensable damages because:  (a) he did not work more than 40 hours in a work week; (b) anytime worked in excess of 40 hours was *de minimus*; and (c) Defendants at all times acted in good faith.

28.     These arguments would have persisted through discovery, dispositive motion practice and arbitration hearings, with each side arguing their respective positions to the Court. Thus, the bona fide dispute factor is satisfied here. *See e.g., Lynn's*, 679 F.2d at 1353-54; *deMunecas v. Bold Food, LLC*, No. 09 CIV. 00440 DAB, 2010 WL 3322580, at *17 (S.D.N.Y. Aug. 23, 2010)(adversarial nature demonstrated bona fide dispute between the parties).

### *B.     The Proposed Settlement is Fair and Reasonable*

29.     Plaintiff's recovery under the Agreement represents a reasonable compromise to his claims. Specifically, Defendants disputed their liability on these claims asserting that: (1) as a matter of well-established law, including but not limited to the NLRB's most recent decision in

*SuperShuttle DFW, N.L.R.B.*, 16-RC-010963 (January 25, 2019), Plaintiff is an independent contractor; (2) as a matter of well-established law Defendants were not joint employers; and (3) Plaintiff received all compensation due and owing and thus is entitled to no recovery.

30.     Even if Plaintiff prevailed establishing employment status at arbitration, he still would have to prove that he was entitled to unpaid overtime, liquidated damages, attorneys' fees and costs. Plaintiff would have faced legal hurdles for establishing liability and damages.

31.     Both the factual underpinnings of Plaintiff's claims and Plaintiff's legal right to FLSA coverage are seriously contested. *See Lynn's Food Stores*, 679 F.2d at 1354; *Deitz*, 2013 WL 23338496, at *3; *Collins*, F.Supp.2d at 719–20. As such the Settlement Agreement facilitates the compromise of a *bona fide* dispute, rather than the "mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores*, 679 F.2d at 1354.

32.     Beyond this, the cost of litigating the issues of employment status in the evolving gig economy alone would dwarf the monetary value of any potential recovery. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 233 (3d Cir.2001) ("This factor captures the probable costs, in both time and money, of continued litigation.").

33.     Furthermore, as recognized in *Bettger*, the relative expense of further litigation in a case which no longer involves class claims "weighs strongly in favor of settlement." *Bettger v. Crossmark, Inc.*, 2015 WL 279754, at *7.

34.     The settlement here carries other indicia of fairness.

35.     Throughout the process, Plaintiff was represented by competent counsel experienced in wage-and-hour class litigation. Furthermore, the Settlement Agreement was consummated after investigation, so that the Parties were fully informed of the legal issues and evidence. Under the proposed settlement, Plaintiff will receive payment of a meaningful portion

(approximately 28%) of his alleged unpaid overtime wages, as well as attorneys' fees and costs. *See, e.g., Mehling v. N.Y. Life Ins. Co.*, 248 F.R.D. 455, 462 (E.D. Pa. 2006) (approving settlement that represented 20% of best possible recovery and noting courts that have approved settlements with even lower ratios).

36.     As set forth above, courts look to the adversarial nature of a case as an indicator of the fairness of the settlement. *Lynn's*, 679 F.2d at 1353-54; *Bredbenner v. Liberty Travel, Inc.*, No. CIV.A. 09-1248 MF, 2011 WL 1344745, at *16 (D.N.J. Apr. 8, 2011).  Here, this matter has been hotly contested and briefed to date and, absent settlement the matter would continue to be vigorously contested, through appeals.

37.     Plaintiff will receive his settlement monies money promptly, avoiding the risks and delay inherent in continued litigation.  These factors clearly establish fairness. *Bredbenner*, 2011 WL 1344745, at *15-16

   **C.     The Settlement is Consistent with Public Policy and does not frustrate the implementation of the FLSA.**

38.     The FLSA mandates the payment of minimum wage and overtime by employers to employees.  The FLSA does not apply to non-employees, independent contractors and vendors. The Settlement Agreement does not frustrate the implementation of the FLSA because the parties have reached agreement to resolve their dispute as to the threshold and fundamental issue of whether Plaintiff is covered by the FLSA.

39.     Finally, as set forth above, the Third Circuit recognizes a strong public policy in favor of settlements, since "they promote the amicable resolution of disputes and lighten the increasing load of litigation faced by courts." *D.R. by MR. v. East Brunswick Bd. of Educ.*, 109 F.3d 896, 901 (3d Cir. 1997).

40.    The settlement here is consistent with that policy because it resolves a pending dispute, avoids arbitration and further court involvement and possible appeals.

41.    Because the Settlement Agreement represents a fair settlement of a bona fide dispute, public policy weighs heavily in favor of approval. *See also Farris,* 176 F.3d at 711.


Respectfully submitted,

**SHEPHERD, FINKLEMAN, MILLER & SHAH, LLP**

**FISHER & PHILLIPS LLP**

*/s/ Michael R. Galey*
Michael R. Galey
150 N. Radnor Chester Road, Suite C300
Radnor, PA 19087
Phone:  (610) 230-2141
Fax:  (610) 230-2183

*/s/ James C. Shah*
James C. Shah
35 East State Street
Media, PA 19063
Phone:  (610) 891-9880
Fax:  (866) 300-7367

**ATTORNEYS FOR PLAINTIFFS**

*/s/ Kathleen McLeod Caminiti*
Kathleen McLeod Caminiti, *Pro Hac Vice*
430 Mountain Avenue, Suite 303
Murray Hill, NJ  07974
Phone:  (908) 516-1050
Fax:  (908) 516-1051

Dated this 19th day of April 2019

**ATTORNEYS FOR DEFENDANTS**

FPDOCS 35261257.2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL KAUFFMAN,

          Plaintiff,

vs.

U-HAUL INTERNATIONAL, INC.,
COLLEGEBOXES, LLC and eMOVE, INC.,

          Defendants.

Case No. 5:16-cv-04580-JFL

## JOINT NOTICE OF FILING OF SETTLEMENT AGREEMENT

Plaintiff Michael Kauffman ("Plaintiff") and Defendants U-Haul International, Inc.,

Collegeboxes, LLC and eMOVE, Inc., ("Defendants"), hereby submit the Parties' Settlement

Agreement and General Release (attached hereto as Exhibit A) pursuant to the Court's Order dated

April 3, 2019 (ECF #44) and the Parties' Joint Motion to Approve Settlement and to Dismiss With

Prejudice (ECF #43).

Respectfully submitted,

**SHEPHERD, FINKLEMAN, MILLER**
**& SHAH, LLP**

*/s/ James C. Shah*
James C. Shah
35 East State Street
Media, PA 19063
Phone: (610) 891-9880
Fax: (866) 300-7367

**ATTORNEYS FOR PLAINTIFF**

**FISHER & PHILLIPS LLP**

*/s/ Michael R. Galey*
Michael R. Galey
150 N. Radnor Chester Road, Suite C300
Radnor, PA 19087
Phone: (610) 230-2141
Fax: (610) 230-2183

*/s/ Kathleen McLeod Caminiti*
Kathleen McLeod Caminiti, *Pro Hac Vice*
430 Mountain Avenue, Suite 303
Murray Hill, NJ 07974
Phone: (908) 516-1050
Fax: (908) 516-1051

**ATTORNEYS FOR DEFENDANTS**

Dated this 19th day of April 2019.

# EXHIBIT A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

### A. INTRODUCTION

(1) Michael Kauffman ("Plaintiff"), on his own behalf, and on behalf of his heirs, executors, administrators, assignees, personal and legal representatives, and all others claiming an interest through him; and (2) eMove, Inc., U-Haul International, Inc. and Collegeboxes, LLC, ("Defendants")(Plaintiff and Defendants are collectively referred to as the "Parties") by this Settlement Agreement and General Release, hereby, completely, fully and formally resolve and settle the matter of *Michael Kauffman v. U-Haul International, Inc., et al.*, Case No. 5:16-cv-04580-JFL (the "Litigation"), as well as, any and all disputes between and among the Parties.

**WHEREAS**, Kauffman brought the Litigation on August 22, 2016; and

**WHEREAS**, the United States District Court for the Eastern District of Pennsylvania entered an Order granting Defendants' Motion to Compel arbitration and compelling Plaintiff to individually arbitrate any and all claims on August 28, 2018; and

**WHEREAS**, Defendants deny that they have committed any wrongdoing or violated any federal, state or local laws, vigorously dispute the claims asserted in the Litigation and continue to assert that they have strong and meritorious defenses to such claims; and

**WHEREAS,** the Parties have agreed that in order to avoid the expense and burdens of further litigation and after substantial, arms-length settlement negotiations, the Parties desire to resolve and settle the Litigation, including Plaintiff's release of all claims and charges against Defendants, upon the terms and conditions more fully set forth below.

**NOW, THEREFORE**, in consideration of the foregoing, the following mutual covenants and promises, and for other good, adequate and sufficient consideration, the receipt and adequacy of which are expressly hereby acknowledged, the Parties agree as follows:

### B. THE COMPANY'S PROMISES TO PLAINTIFFS

In consideration for Plaintiff's execution of this Agreement, including its incorporated release of all claims and Plaintiff's fulfillment of the promises contained in this Agreement, Defendants promise to make a settlement payment in the amount of Twenty-Five Thousand and 00/100 Dollars ($25,000.00) ("Settlement Payment") within fourteen (14) days following Court's approval of the settlement.

(1)     The Settlement Payment will be made by check payable to Shepherd, Finkelman, Miller & Shah, LLP ("Plaintiff's Counsel"), without any deductions or withholdings. The Company shall also issue the appropriate form 1099 to Plaintiff's Counsel, which will distribute the Settlement Payment.

(2)     All payments set forth in this Section are subject to Court approval of the settlement and dismissal of the claims asserted against Defendants in the Litigation with prejudice.

Michael Kauffman Initials           1

## C. PLAINTIFF'S PROMISES TO THE COMPANY

(1)  **General Release:**  In consideration for the promises contained herein and other good and valuable consideration, receipt of which is hereby acknowledged, Plaintiff on behalf of: (a) himself and his attorneys, agents, assigns, representatives, and designees; (b) any company, partnership or venture owned or operated by him; (c) each of their past, present, and future parents, franchisors, subsidiaries, divisions, partnerships, affiliates, insurers, and other related entities (closely or remotely connected); (d) each of their past, present, and future owners, directors, officers, trustees, fiduciaries, shareholders, stockholders, administrators, agents, representatives, employees, partners, members, associates, and attorneys; and (e) the predecessors, successors, and assigns of each of the foregoing persons and entities (the "Releasors") hereby knowingly, voluntarily, fully, finally, and completely settles, releases, acquits and forever discharges:

(i) Defendants and each of Defendants present and former officers, directors, employees, agents, shareholders, members, managers, attorneys, insurers, successors, any party indemnified by any of them, and each of their successors and assigns; (ii) each of the Defendants' affiliated or related entities; and (iii) each of the Defendants' affiliated or related entities' present and former officers, directors, employees, agents, shareholders, members, managers, attorneys, insurers, any party indemnified by any of them, and each of their successors and assigns (the "Released Parties") from and against all causes of action, claims, judgments, obligations, damages, or liabilities of whatever kind and character, known or unknown, from the beginning of time through the date this Agreement is executed by Plaintiff.

(2)  **Specific Release:**  This release includes, but is not limited to, any and all claims under (a) the common law, including, but not limited to theories of tort or contract (express or implied), defamation, or violation of public policy; (b) any policies, practices, or procedures of the Defendants; (c) any federal, state, or local law, statute or regulation expressly including, but not limited to: The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §21 *et seq.*; the Older Workers Benefit Protection Act, 29 U.S.C. §626 *et seq.*; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), *et seq.*; the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.*; the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*; the Americans with Disabilities Act, 42 U.S.C. §121001, *et seq.*; the Equal Pay Act, 29 U.S.C. §206(d), *et seq.*; the Family and Medical Leave Act, 29 U.S.C. §2601 *et seq.*, the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq.*, the Pennsylvania Minimum Wage Act, 33 Pa. Cons. Stat. § 333.104, *et seq.*, the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*; (d) any contract express or implied; (e) any provision of the Constitution of the United States, the Commonwealth of Pennsylvania or any other state; and (f) any provision of any other law, common or statutory, of the United States, Pennsylvania, or any other state or locality.

Excluded from this Release are any claims which cannot be released by law. Nothing in this Agreement shall affect the Plaintiff's right to file or participate in an investigative proceeding with the Equal Employment Opportunity Commission or any other federal, state, or local agency.

Michael Kauffman Initials           2

Plaintiff, on behalf of himself and the Releasors, and Plaintiff's Counsel further irrevocably and unconditionally release, acquit, and forever discharge any claim that they have or may have against Defendants for attorneys' fees, costs, or expenses associated with this Litigation, including but not limited to those attorneys' fees, costs, or expenses associated with Plaintiff's Counsel's representation in this Litigation. Plaintiff's Counsel further understands and agrees that any all payments provided for herein will be the full, final, and complete payment of all attorneys' fees, costs, and expenses associated with Plaintiff's Counsel's representation in this Litigation.

(3)   **Unknown Claims:**  Plaintiff, on behalf of himself and the Releasors, agrees that this release specifically includes any and all claims, demands, obligations, and/or causes of action that have, through ignorance, oversight, or error, been omitted from the terms of this Agreement. Plaintiff makes this waiver with the full knowledge of his rights and with specific intent to release both known and unknown claims.

(4)   **Covenant Not to Sue and Waiver of Right to Monetary Recovery.**  Plaintiff, on behalf of himself and the Releasors, represents that there are no other pending lawsuits, charges, or claims of any nature whatsoever against the Released Parties. Further, Plaintiff, on behalf of himself and the Releasors, agrees not to assert any claims, charges, or other legal proceedings against the Released Parties in any forum, based on any events, whether known or unknown, occurring prior to the date that Plaintiff signs this Agreement, including, but not limited to, any events related to, arising out of, or in connection with Plaintiff's relationship with the Defendants.  Accordingly, Plaintiff agrees that he will not file a suit or claim seeking to recover any further relief from the Defendants based upon any matter or event existing as of the date of this Agreement. Provided, however, that nothing in this Agreement precludes Plaintiff from filing any claim or charge, which as a matter of law, cannot be waived or released by private agreement.  To the extent that an agreement by the parties may not bar Plaintiff from instituting a charge with a governmental agency, Plaintiff hereby explicitly agrees to waive any right to receive any monetary damages or equitable relief that any agency may recover against any Released Party, without regard as to who initiated or prosecuted any such claims except to the extent that such relief may not be waived.  Plaintiff further agrees that he will "opt out" of any class action and not opt into any collective action in which any one of the Released Parties is named as a defendant.

(5)   **Plaintiff's Confirmations:**  Plaintiff confirms that he is the sole owner of the claims released herein, that he has not transferred any such claims to anyone else, and that he has the full right to grant the releases and agreements in this Agreement.

(6)   **Confidentiality:**  The Parties agree that they will keep the terms and conditions of this Agreement strictly confidential, except under the following circumstances:  (1) the Parties may disclose the terms and conditions of this Agreement to the Court to the extent required for Court approval; (2) Plaintiff may inform his spouse, tax advisors, and attorneys of the existence and terms of this Agreement, provided that all such persons are informed of the provisions of this Paragraph and agree to be bound by them; and (3) Defendants may disclose the existence and terms of this Agreement to its employees, attorneys, insurers, advisors, auditors, shareholders, and representatives whom Defendants believe have a need to know the specific terms of the Agreement, provided that all such persons are informed of the provisions of this Paragraph and agree to be bound by them.

Michael Kauffman Initials _____          3

Nothing in this Agreement shall prevent Defendants or Defendants' Counsel from making any necessary, appropriate, or required disclosures to the Defendants' regulators, auditors, bankers, and the like, or from making any necessary, appropriate, or required disclosures in compliance with their obligations under the law or contract. Moreover, Plaintiff's Counsel will promptly notify Christopher J. Capone, Fisher & Phillips LLP, at ccapone@fisherphillips.com, of any third-party legal demand that they disclose information pertinent to the settlement or this Agreement prior to providing any information. This Section is not intended to prevent cooperation through investigation, testimony or otherwise with an administrative agency or court, or as otherwise required by law.

Plaintiff agrees that he will not directly or indirectly, contact or communicate with the media or utilize any social media regarding this Agreement or its terms. Plaintiff further agrees that he will not make derogatory statements, either verbally or in writing about the Defendants that relate to any matter occurring prior to the date of this Agreement.

Plaintiff's Counsel agrees not to directly or indirectly, contact or communicate with anyone (excluding Plaintiff), including, but not limited to, the media, or utilize any social media regarding this Agreement or its terms. If contacted regarding this Agreement, Plaintiff's Counsels' response can be "no comment" or be limited solely to advising that "the matter has been resolved." Upon settlement payment received, Plaintiff's Counsel confirms that to the extent it exists, any reference from their website and any promotional material about the Litigation will be removed.

To further the purposes of this Section C(6), the Parties may only file a copy of the Agreement for purposes of obtaining Court approval and, with that sole exception, the Parties shall otherwise remain bound by the terms of this Section C(6) and shall be prohibited from otherwise disclosing the settlement payments in Section B., above, or other terms of this Agreement, except as provided in this Section C(6).

(7)   **Tax Indemnification:** Plaintiff agrees that Defendants offer no opinion on the taxability of payments to Plaintiff under Section B of this Agreement.  Plaintiff agrees that Plaintiff is solely responsible for the payment of all taxes and for the penalties and interest owing or determined to be owed by any appropriate taxing authority.

(8)   **Satisfaction of All Obligations:** Plaintiff, on behalf of himself and Releasors, agrees that all obligations of Defendants and the other Released Parties under any and all plans, agreements, policies, and/or practices have been satisfied or exceeded by the payments described in Section B, above.

## D. MISCELLANEOUS TERMS AGREED TO BY THE PARTIES

In exchange for the promises made by and to Plaintiff and Defendants, it is mutually agreed as follows:

(1)   **Enforcement:** Either party may enforce this Agreement in Court if the other party breaches it. This Agreement may be used in a subsequent proceeding to enforce its terms. Except as otherwise provided herein, all Parties shall bear their own costs, expenses and attorneys' fees relating to this Agreement and the Litigation.

Michael Kauffman Initials          4

(2) **Rule of Construction:**  The language of all parts of this Agreement shall be construed as a whole and according to its fair meaning, and not strictly for or against either party.  It is expressly understood and agreed that any rule requiring construction of this Agreement against its drafter shall not be applied in this case.  The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect on the construction or interpretation of any part of this Agreement.

(3) **Choice of Law:**  Defendants and Plaintiff expressly agree that this Agreement shall, in all respects, be interpreted, enforced, and governed under the laws of the State of Pennsylvania.  The Parties further agree that Pennsylvania is the proper venue for any dispute over this Agreement.

(4) **Non-Admission of Wrongdoing:**  This Agreement does not constitute an admission by Defendants of a violation of any federal, state, or local laws.  It is further understood and agreed that this settlement is a compromise of a real or potential dispute and that the promises of the Defendants are not to be construed as an admission of liability, but rather that liability is expressly denied.  Settlement of the Litigation and all acts performed or documents executed in furtherance of this Agreement or the settlement embodied herein: (a) are not, shall not be deemed to be, and may not be used as an admission or evidence of any wrongdoing or liability on the part of the Defendants, or of the truth of any of the factual allegations in any and all Complaints filed in the Litigation; and (b) are not, shall not be deemed to be, and may not be used as an admission or evidence of fault or omission on the part of the Defendants in any civil, criminal, administrative, or arbitral proceeding.  Plaintiff and Defendants understand and agree that this Agreement and any exhibit hereto are settlement documents and shall be inadmissible in any proceeding for any reason, other than seeking Court approval of the settlement.

(5) **Merger Clause:**  This Agreement contains the entire and only agreement between the Defendants and Plaintiff regarding the subject matter of this Agreement.  To the extent there are any restrictive covenants or confidentiality agreements which, by their terms or by operation of law, which remain in effect, the obligations of this Agreement will supplement, but not replace such agreements.  Any oral or written promises or assurances related to the subject matter of this Agreement that are not contained in this Agreement are waived, abandoned, and withdrawn, and are without legal effect.  Plaintiff acknowledges that he has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with Plaintiff's decision to sign this Agreement, except for those set forth in this Agreement.

(6) **Arms' Length Transaction; Materiality of Terms:**  The Parties have negotiated all the terms and conditions of this Agreement at arms' length.  All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied on by the Parties in entering into this Agreement.  The Parties have been represented and assisted by counsel through the negotiation and drafting of this Agreement.

(7) **Binding Effect:**  This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective successors, assigns, and personal representatives.



Michael Kauffman Initials

5

(8)     **Amendment:**  This Agreement may not be amended except by written agreement signed by all Parties (or their Counsel) which specifically refers to this Agreement.  No waiver, modification, or amendment of the terms of this Agreement shall be valid or binding unless in writing, signed by or on behalf of all Parties, and then only to the extent set forth in such written waiver, modification, or amendment.  A failure by any party to insist on the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist on the specific performance of any and all of the provisions of this Agreement.

(9)     **Effective Date:**  This Agreement shall, upon execution by Plaintiff, immediately become effective and enforceable.

(10)    **Cooperation Between the Parties Further Acts:**  The Parties shall cooperate fully with each other in a prompt and timely manner and shall take all necessary steps to effectuate this Agreement.

(11)    **Court Approval:**  Within seven (7) days of a full execution of this Agreement, the Parties will file a Joint Motion for Final Approval of the Agreement by the Court.

In the event the Court fails to enter an order approving settlement in accordance with this Agreement (except for a modification of the attorneys' fees or non-disclosure provisions) Defendants and Plaintiff shall attempt to negotiate in good faith to address any concerns made by the Court.

### G. PLAINTIFF'S ASSURANCES TO THE COMPANY

This Agreement is a legal document with legal consequences.  Defendants want to be certain that Plaintiff fully understands the legal effect of signing this Agreement.  Plaintiff, therefore, makes the following assurances to Defendants:

**(1)     I have carefully read the complete Agreement.**

**(2)     The Agreement is written in language that I understand.**

**(3)     I understand all of the provisions of this Agreement.**

**(4)     I understand that this Agreement is a waiver of any and all claims I and the Releasors may have against the Defendants and all the other Released Parties.**

**(5)     I willingly waive any and all claims, known and unknown, in exchange for the promises of the Defendants in this Agreement, which I acknowledge constitutes valuable consideration that I am not otherwise entitled to receive.  I understand that I am not releasing any claims that arise after I sign this Agreement.**

**(6)     I enter this Agreement freely and voluntarily.  I am under no coercion or duress whatsoever in considering or agreeing to the provisions of this Agreement.**

Michael Kauffman Initials                 6

(7)     **I understand that this Agreement is a contract.  As such, I understand that either Party may enforce it.**

IN WITNESS WHEREOF, we have hereunto set our hand and seal.

**Michael Kauffman**

_____   3/21/19        _____   3/21/19
Signature                      Date            Witness                      Date

**e-Move, Inc.**

By:_____                  _____
                               Date            Witness                      Date

Its:_____

**U-Haul International, Inc.**

By:_____                  _____
                               Date            Witness                      Date

Its:_____

**Collegeboxes, LLC**

By:_____                  _____
                               Date            Witness                      Date

Its:_____

Michael Kauffman Initials _____        7

_____     _____
Signature                    Date     Witness                      Date

**e-Move, Inc.**

By:_____     _____
                             Date     Witness                      Date

Its:_____

**U-Haul International, Inc.**

By:_____  3/19/19     _____  3·19·19
                             Date     Witness                      Date

Its: _Assistant Secretary_____

**Collegeboxes, LLC**

By:_____     _____
                             Date     Witness                      Date

Its:_____

7

Michael Kauffman Initials _____

_____     _____
Signature                    Date     Witness                      Date

**e-Move, Inc.**

By:_____ 3/19/19     _____ 3-19-19
                             Date     Witness                      Date

Its:_____DIRECTOR_____


**U-Haul International, Inc.**

By:_____               _____
                             Date     Witness                      Date

Its:_____


**Collegeboxes, LLC**

By:_____ 3.19.19     _____ 3-19-19
                             Date     Witness                      Date

Its:_____Director_____


7

Michael Kauffman Initials _____